**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-30198 |
| Plaintiff-Appellee, | D.C. No. 3:15-cr-00047-SLG-1 |
| v. | |
| QUINCY NOLANCE LEAFSTEDT, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Sharon L. Gleason, District Judge, Presiding

Submitted May 18, 2021**

Before:    CANBY, FRIEDLAND, and VANDYKE, Circuit Judges.

Quincy Nolance Leafstedt appeals from the district court's orders denying

his motion for compassionate release 18 U.S.C. § 3582(c)(1)(A) and two

subsequent motions for reconsideration. We have jurisdiction under 28 U.S.C.

§ 1291, and we affirm.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court assumed that Leafstedt's medical conditions, in combination with the threat from COVID-19, established an "extraordinary and compelling" reason to grant relief. 18 U.S.C. § 3582(c)(1)(A)(i). However, it denied compassionate release under the 18 U.S.C. § 3553(a) factors. *See* 18 U.S.C. § 3582(c)(1)(A) (district court must consider applicable § 3553(a) factors). Leafstedt contends that the court inappropriately weighed the factors by giving insufficient consideration to the conditions at Leafstedt's prison and the risk to the public if there were an outbreak there, his medical vulnerabilities, and his substantial rehabilitation while in prison and lack of prior criminal history.

The district court did not abuse its discretion. S*ee United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021). It considered Leafstedt's offense conduct, which included the possession of thousands of images and dozens of videos of pornographic materials involving children, and reasonably concluded that, because Leafstedt had not completed any sex offender treatment or other rehabilitative programming specific to child pornography offenders, a reduced sentence was not appropriate. *See* 18 U.S.C. § 3553(a)(1), (a)(2)(C). Furthermore, contrary to Leafstedt's argument, the court reasonably concluded that Leafstedt was a greater risk to the public on home confinement, where in-person monitoring by probation would be hampered by the pandemic, than in prison.

**AFFIRMED.**