**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-10251 |
| Plaintiff-Appellee, | D.C. No. 2:12-cr-00455-HDM-PAL-2 |
| v. | |
| CHARLES BO MUMPHREY, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Howard D. McKibben, District Judge, Presiding

Submitted May 18, 2021**

Before:    CANBY, FRIEDLAND, and VANDYKE, Circuit Judges.

Charles Bo Mumphrey appeals pro se from the district court's order denying

his motion for a sentence reduction under section 404 of the First Step Act of 2018.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Mumphrey contends that the First Step Act allows for a reduction of the

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

sentence imposed in connection with his conviction for interfering with commerce by robbery, in violation of 18 U.S.C. § 1951, because his career offender designation was based, in part, on a prior crack cocaine conviction. "Statutory interpretation is a question of law that we review de novo." *United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021) (internal quotation marks omitted). No provision of the Act authorizes a sentence reduction in this case. *See* First Step Act §§ 401-04. Contrary to his contention, section 404 does not apply to Mumphrey because his current Hobbs Act robbery conviction is not an offense for which "the statutory penalties . . . were modified by section 2 or 3 of the Fair Sentencing Act of 2010." *Id.*, § 404(a); *United States v. Kelley*, 962 F.3d 470, 472 (9th Cir. 2020) (discussing scope of Fair Sentencing Act).

Mumphrey's motions for sentence reduction and relief under the First Step Act are denied.

**AFFIRMED.**