NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-10259 |
| Plaintiff-Appellee, | D.C. No. 1:18-cr-00065-HG-1 |
| v. | |
| KYLE CROSS, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Helen W. Gillmor, District Judge, Presiding

Submitted May 18, 2021[**]

Before:     CANBY, FRIEDLAND, and VANDYKE, Circuit Judges.

Kyle Cross appeals from the district court's order denying his motion for

compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).  We have jurisdiction

under 28 U.S.C. § 1291, and we vacate and remand.

Cross primarily contends that the district court applied the wrong legal

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

standard by deferring to U.S.S.G. § 1B1.13 as an applicable policy statement. After the district court's decision denying relief and the parties' briefing on appeal, this court held that the current version of U.S.S.G. § 1B1.13 is not binding as applied to § 3582(c)(1)(A) motions brought by prisoners. *See United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) ("The Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding."). Because it is unclear whether the district court treated U.S.S.G. § 1B1.13 as binding in this case, we vacate and remand so that the district court can reassess Cross's motion for compassionate release under the standard set forth in *Aruda*. *See id.*

We offer no views as to the merits of Cross's § 3582(c)(1)(A)(i) motion, and we need not reach his remaining arguments on appeal.

**VACATED and REMANDED.**

20-10259