**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-30146 |
| Plaintiff-Appellee, | D.C. No. 4:14-cr-06034-WFN-1 |
| v. | |
| JOSHUA NICHOLAS HIGGINS, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Wm. Fremming Nielsen, District Judge, Presiding

Submitted May 18, 2021**

Before:     CANBY, FRIEDLAND, and VANDYKE, Circuit Judges.

Joshua Nicholas Higgins appeals pro se from the district court's order

denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

As an initial matter, the government contends that venue in the district court

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

was improper.  We disagree.  In light of Higgins's pro se status and the arguments raised in his motion, the district court permissibly construed his motion as a request for compassionate release under 18 U.S.C. § 3582(c)(1) and, as such, his motion was properly filed in the Eastern District of Washington.  *See* 18 U.S.C. § 3582.

Turning to the merits, Higgins contends that he is entitled to compassionate release because his medical conditions subject him to greater risk of illness should he contract COVID-19 and because of the high number of COVID-19 infections at his facility.[1]  The district court did not abuse its discretion in denying relief.  *See United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021).  The district court considered Higgins's medical conditions, the conditions at his facility, and his family circumstances,[2] and reasonably concluded that Higgins had not demonstrated "extraordinary and compelling reasons" for release.  *See* 18 U.S.C. § 3582(c)(1)(A)(i).

**AFFIRMED.**

---

[1] Higgins's filing at Docket Entry No. 5 is treated as a motion to supplement his opening brief.  So treated, the motion is granted.  The filing has been considered.

[2] In the district court, Higgins cited his parents' serious health issues as an independent reason to grant compassionate release.  The government contends that Higgins waived this argument by failing to renew it on appeal.  We need not resolve this question because our conclusion is the same whether or not we consider the circumstances of Higgins's parents.