**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

JUN 25 2021

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-10272 |
| Plaintiff-Appellee, | D.C. No. 1:18-cr-00155-LJO-SKO-1 |
| v. | |
| SANDRA HAAR, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted June 21, 2021[**]

Before: SILVERMAN, WATFORD, and BENNETT, Circuit Judges.

Sandra Haar appeals from the district court's order denying her motion for

compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). We have jurisdiction

under 28 U.S.C. § 1291, and we affirm.

Haar contends that the district court erred by improperly assessing the threat

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

posed to her by the COVID-19 pandemic and by relying on U.S.S.G. § 1B1.13 as an applicable policy statement. We recently held that the current version of § 1B1.13 is not binding as applied to compassionate release motions brought by a prisoner. *See United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021).

The district court followed the guidance of § 1B1.13, but recognized that it did not limit the circumstances the court could consider in evaluating Haar's motion. *See id*. ("The Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding."). The court gave full consideration to Haar's arguments in support of her motion and concluded that release was unwarranted in light of the 18 U.S.C. § 3553(a) factors, including the egregiousness of Haar's offense conduct and the need to afford adequate deterrence. *See* 18 U.S.C. § 3582(c)(1)(A) (district court must consider applicable § 3553(a) factors); *see also* 18 U.S.C. § 3553(a)(1), (a)(2)(A), (a)(2)(B). On this record, the district court did not abuse its discretion in denying relief. *See Aruda*, 993 F.3d at 799; *see also United States v. Robertson*, 895 F.3d 1206, 1213 (9th Cir. 2018) (district court abuses its discretion only if its decision is illogical, implausible, or not supported by the record).

We reject as meritless Haar's allegations that the district court was biased. We do not consider matters that are not distinctly raised and argued in the

opening brief.  *See Padgett v. Wright*, 587 F.3d 983, 985 n. 2 (9th Cir. 2009).

**AFFIRMED**.