**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-10189 |
| Plaintiff-Appellee, | D.C. No. 2:16-cr-00038-MCE-3 |
| v. | |
| BRIAN STONE, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted June 21, 2021[**]

Before:     SILVERMAN, WATFORD, and BENNETT, Circuit Judges.

Brian Stone appeals from the district court's order denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). We have jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion, *see United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021), and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court assumed that Stone's medical conditions, in combination with the threat from COVID-19, established an "extraordinary and compelling" reason to grant relief. *See* 18 U.S.C. § 3582(c)(1)(A)(i). However, it denied compassionate release after consideration of the 18 U.S.C. § 3553(a) factors, including the serious nature of Stone's underlying offense and his general disregard for the rule of law. *See* 18 U.S.C. § 3582(c)(1)(A) (district court must consider applicable § 3553(a) factors). Stone contends that the district court gave insufficient consideration to his medical conditions and vulnerability to COVID-19 and gave excessive weight to the nature of his offense. We disagree. The weight to give the various § 3553(a) factors is for the district court to determine, *see United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009), and it did not abuse its discretion in denying relief, *see United States v. Robertson*, 895 F.3d 1206, 1213 (9th Cir. 2018) (a district court abuses its discretion only if its decision is illogical, implausible, or without support in the record). Moreover, contrary to Stone's remaining arguments, the court did not rely on any improper considerations to deny relief.

**AFFIRMED.**

20-10189