**NOT FOR PUBLICATION**

**FILED**

JUL 26 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-10437 |
| Plaintiff-Appellee, | D.C. No. 1:15-cr-00459-DKW-1 |
| v. | |
| SAMOA ULISESE LEFITI, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Derrick K. Watson, District Judge, Presiding

Submitted July 19, 2021**

Before:     SCHROEDER, SILVERMAN, and MURGUIA, Circuit Judges.

Samoa Ulisese Lefiti appeals from the district court's order denying his

motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court found that Lefiti had shown extraordinary and compelling

---

*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2). Accordingly, Lefiti's motion
to expedite submission without oral argument is granted.

reasons for compassionate release, but denied relief on the basis of the 18 U.S.C. § 3553(a) factors. Lefiti argues that the district court erred by treating U.S.S.G. § 1B1.13 as binding in violation of *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021). Though he acknowledges that the court found in his favor as to extraordinary and compelling reasons, he contends that reversal is required because "the court's adherence to the guideline and its commentary nonetheless adversely affected its consideration of § 3553(a)'s factors." We disagree. While the court focused on the danger Lefiti poses to the public, a consideration specifically enumerated in § 1B1.13, it also expressly tied its dangerousness analysis to § 3553(a)(2)(C), which concerns the need to protect the public. On this record, any error by the court in relying on § 1B1.13 was harmless. Moreover, contrary to Lefiti's arguments, the court correctly evaluated the § 3553(a) factors, considered the totality of the circumstances, and did not abuse its discretion in denying relief. *See Aruda*, 993 F.3d at 799 (stating standard of review); *United States v. Robertson*, 895 F.3d 1206, 1213 (9th Cir. 2018) (a district court abuses its discretion only if its decision is illogical, implausible, or without support in the record).

**AFFIRMED.**