**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 29 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-10025 |
| Plaintiff-Appellee, | D.C. No. 1:16-cr-00744-DKW-1 |
| v. | |
| JEREMIAH IEREMIA, AKA A-One, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Derrick K. Watson, District Judge, Presiding

Submitted July 19, 2021[**]

Before:     SCHROEDER, SILVERMAN, and MURGUIA, Circuit Judges.

Jeremiah Ieremia appeals from the district court's order denying his motion

for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).  We have

jurisdiction under 28 U.S.C. § 1291, and we vacate and remand.

Ieremia contends that the district court erred by treating U.S.S.G. § 1B1.13

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Ieremia's motion to expedite
the hearing of this appeal without oral argument is granted.

as a binding policy statement. After the district court's decision denying relief, this court held that the current version of U.S.S.G. § 1B1.13 is not binding as applied to § 3582(c)(1)(A) motions brought by defendants. *See United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) ("The Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding."). In this case, the district court treated U.S.S.G. § 1B1.13 as binding and relied on it to conclude that no extraordinary and compelling reasons for release existed and that relief was unwarranted in light of the 18 U.S.C. § 3553(a) factors and the danger Ieremia posed to the community. As the government concedes, this was error. *See Aruda*, 993 F.3d at 802. We, therefore, vacate and remand so that the court can reassess Ieremia's motion under the standard set forth in *Aruda*.[1] We offer no views as to the merits of Ieremia's § 3582(c)(1)(A)(i) motion, and we need not reach his remaining arguments on appeal.

**VACATED AND REMANDED.**

---

[1] Although the government argues that the district court's error was harmless because Ieremia is not entitled to relief even under the correct legal standard, we leave it to the district court to decide that question in the first instance.