**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    20-50269 |
| Plaintiff-Appellee, | D.C. No.<br>2:18-cr-00060-SJO-TJH-1 |
| v. | |
| BRETT VANBENSCHOTEN, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Terry J. Hatter, Jr., District Judge, Presiding

Submitted August 4, 2021**
San Francisco, California

Before:  THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit Judges.

Appellant Brett VanBenschoten appeals pro se from the district court's order denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.  We deny VanBenschoten's emergency motions for relief.

---

 *       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

 **      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

"[W]e review § 3582(c)(1) sentence reduction decisions for abuse of discretion." *United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021) (per curiam) (quoting *United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021) (per curiam)). "A district court may abuse its discretion if it does not apply the correct law or if it rests its decision on a clearly erroneous finding of material fact." *Id.* (quoting *Aruda*, 993 F.3d at 799).

The district court did not abuse its discretion in denying VanBenschoten's motion after considering the statutory sentencing factors. The compassionate release statute directs courts to consider the 18 U.S.C. § 3553(a) sentencing factors. *See* 18 U.S.C. § 3582(c)(1)(A). The district court here properly considered those factors and concluded that, on balance, they weighed against release. VanBenschoten had received a below-Guidelines sentence of 96 months, and at the time the district court ruled on his motion, he had served only twenty percent of it—roughly 18 months. Moreover, his crimes were serious: he was found in possession of a significant amount of methamphetamine as well as other drugs. Thus, the district court applied the correct law and its decision did not rest on a clearly erroneous finding of material fact.

**AFFIRMED.**