**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 23 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>TYLER D.K. PACARRO,<br><br>Defendant-Appellant. | No.   20-10430<br><br>D.C. No. 1:15-cr-00704-HG-2<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Hawaii
Helen W. Gillmor, District Judge, Presiding

Submitted August 17, 2021[**]

Before:     SILVERMAN, CHRISTEN, and LEE, Circuit Judges.

Tyler D.K. Pacarro appeals from the district court's order denying his

motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).  We have

jurisdiction under 28 U.S.C. § 1291.  We vacate the district court's order and

remand for the district court to reconsider Pacarro's motion.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The district court held that Pacarro had not shown "extraordinary and compelling" reasons warranting his release, as required by 18 U.S.C. § 3582(c)(1)(A)(i). In doing so, the district court appears to have relied on U.S.S.G. § 1B1.13. After the district court's decision, we held that "the current version of U.S.S.G. § 1B1.13 is not an applicable policy statement for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant." *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (internal quotation marks and alterations omitted). "The Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *Id*.

In light of our intervening decision in *Aruda*, we vacate and remand so that the district court can reassess Pacarro's motion for compassionate release under the standard set forth there. We offer no views as to the merits of Pacarro's § 3582(c)(1)(A)(i) motion.

Because we remand without consideration of the documents subject to appellant's motion for judicial notice, we deny the motion.

**VACATED and REMANDED**.