**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 16 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-30265 |
| Plaintiff-Appellee, | D.C. No. 4:16-cr-06021-EFS-1 |
| v. | |
| JESSE ALLAN SHANDY, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Edward F. Shea, District Judge, Presiding

Submitted September 14, 2021**

Before:    PAEZ, NGUYEN, and OWENS, Circuit Judges.

Jesse Allan Shandy appeals from the district court's order denying his

motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).  We have

jurisdiction under 28 U.S.C. § 1291, and we vacate and remand.

The district court denied Shandy's motion in a form order, stating only that

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Shandy had not established "extraordinary circumstances justifying early release." Shandy argues that this statement provides an insufficient explanation for why the court denied his motion, and suggests the possibility that the court impermissibly relied on U.S.S.G. § 1B1.13. We do not reach Sandy's first argument because we agree that the court's limited explanation for its denial of Shandy's motion makes it impossible to determine if the district court treated § 1B1.13 as binding, in contravention of *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021). In *Aruda*, which we decided after the district court denied Shandy's motion, we held that a district court may not treat § 1B1.13 as binding as applied to a compassionate release motion filed by a prisoner because "the current version of U.S.S.G. § 1B1.13 is not an applicable policy statement for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant." *Id.* at 802 (internal quotations and alterations omitted). In light of this new guidance, we vacate the district court's order and remand for the court to reassess Shandy's motion for compassionate release under the standard set forth in *Aruda*.

We offer no views as to the merits of Shandy's § 3582(c)(1)(A) motion.

**VACATED and REMANDED.**