**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 17 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-30264 |
| Plaintiff-Appellee, | D.C. No. 1:18-cr-00281-DCN-1 |
| v. | |
| GLOUDINA MARIA ROBBERTSE, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Idaho
David C. Nye, District Judge, Presiding

Submitted September 14, 2021**

Before:    PAEZ, NGUYEN, and OWENS, Circuit Judges.

Gloudina Maria Robbertse appeals from the district court's order denying

her motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).  We

have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand.

Robbertse contends that the district court erred under *United States v. Aruda*,

993 F.3d 797, 802 (9th Cir. 2021), by relying on U.S.S.G. § 1B1.13 to evaluate

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

whether she had demonstrated the required extraordinary and compelling reasons for compassionate release. The district court declined to decide if § 1B1.13 was binding because, in its view, Robbertse's motion sought relief under Application Note 1(A) to § 1B1.13. However, Robbertse did not cite the Guideline in her motion, and Application Note 1 contains requirements that are not mandatory after *Aruda*. *See* U.S.S.G. § 1B1.13 n.1(A) (requiring defendant to have a "terminal illness" or a "serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility"). It is unclear to what extent the district court applied those requirements in concluding that Robbertse's release would not be "compatible with the policies of the U.S. Sentencing Commission." Furthermore, contrary to the government's argument, the district court did not conclude that the 18 U.S.C. § 3553(a) factors did not support relief; instead, it referred only to the risk Robbertse poses to the community, which is a consideration specified in the Guideline. *See* U.S.S.G. § 1B1.13(2); *Aruda*, 993 F.3d at 799.

Given these indicia that the district court placed improper weight on § 1B1.13, we vacate its order and remand to permit the district court to reassess Robbertse's motion under the standard set forth in *Aruda*. *See Aruda*, 993 F.3d at 802. On remand, the district court should also address Robbertse's argument that, given how infectious diseases like COVID-19 spread in a carceral setting, she is

being forced to choose between risking serious illness or death from COVID-19 and refraining from taking the immunosuppressants that she needs to treat her autoimmune disorders.

**VACATED and REMANDED.**