**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

PATRICIA ARUDA,
*Defendant-Appellant.*

No. 20-10245

D.C. No.
1:14-cr-00577-DKW-1

OPINION

Appeal from the United States District Court
for the District of Hawaii
Derrick Kahala Watson, District Judge, Presiding

Submitted April 1, 2021[*]
Pasadena, California

Filed April 8, 2021

Before: Kim McLane Wardlaw, Ronald M. Gould, and
John B. Owens, Circuit Judges.

Per Curiam Opinion

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

## SUMMARY[**]

### Criminal Law

The panel vacated the district court's order denying the defendant's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), and remanded, in a case in which the district court, citing U.S.S.G. § 1B1.13, determined that the defendant's release was unwarranted based on the 18 U.S.C. § 3553(a) factors and the danger she posed to the community.

The panel held that the current version of § 1B1.13 is not an "applicable policy statement[] issued by the Sentencing Commission" for motions filed by a defendant under 18 U.S.C. § 3582(c)(1)(A).

The First Step Act of 2018 amended § 3582(c)(1)(A) to allow for defendants, in addition to the Bureau of Prisons Director, to file a motion, but § 1B1.13 has not since been amended and only references motions filed by the BOP Director. The dangerousness finding is part of the Sentencing Commission's policy statement in U.S.S.G. § 1B1.13(2), but is not statutorily required under § 3582(c)(1)(A)(i).

Because the district court relied on § 1B1.13, the panel vacated the order and remanded so that the district court can reassess the defendant's motion under the correct legal standard. The panel offered no views as to the merits of the

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

§ 3582(c)(1)(A)(i) motion, and left it to the district court to consider the defendant's new allegation that she has since contracted and recovered from COVID-19.

## COUNSEL

Salina M. Kanai, Interim Federal Public Defender; Sharron I. Rancourt, Assistant Federal Defender; Office of the Federal Public Defender, Honolulu, Hawaii; for Defendant-Appellant.

Kenji M. Price, United States Attorney; Marion Purcell, Chief of Appeals; Thomas Muehleck, Assistant United States Attorney; United States Attorney's Office, Honolulu, Hawaii; for Plaintiff-Appellee.

## OPINION

PER CURIAM:

Patricia Aruda appeals from the district court's order denying her motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). We hold that the current version of U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.13 is not an "applicable policy statement[] issued by the Sentencing Commission" for motions filed by a defendant under the recently amended § 3582(c)(1)(A). Because the district court relied on U.S.S.G. § 1B1.13, we vacate and remand so that the district court can reassess Aruda's motion for compassionate release under the correct legal standard.

## I.  BACKGROUND

In 2015, Aruda pled guilty to possession with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A).  The district court sentenced Aruda to 130 months' imprisonment followed by five years' supervised release.

About five years later, in June 2020, Aruda filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).  Aruda argued that the high number of COVID-19 cases at her prison facility, combined with her particular medical conditions which increased her risk for serious complications should she contract COVID-19, created "extraordinary and compelling" reasons justifying her release.

In July 2020, the district court denied Aruda's motion for compassionate release.  As a preliminary issue, the district court determined that U.S.S.G. § 1B1.13 is binding on federal courts when a defendant has filed a motion under § 3582(c)(1)(A).  At the time, district courts across the country were split over this issue because the First Step Act of 2018 amended § 3582(c)(1)(A) to allow for defendants, in addition to the Bureau of Prisons ("BOP") Director, to file a motion, but U.S.S.G. § 1B1.13 has not since been amended and only references motions filed by the BOP Director.

Relying on U.S.S.G. § 1B1.13 cmt. n.1(A), the district court found that Aruda's circumstances constituted "extraordinary and compelling" reasons under § 3582(c)(1)(A).  However, citing U.S.S.G. § 1B1.13, the district court determined that Aruda's release was unwarranted based on the 18 U.S.C. § 3553(a) factors and the danger she posed to the community as provided under

18 U.S.C. § 3142(g). This dangerousness finding is not statutorily required under 18 U.S.C. § 3582(c)(1)(A)(i), but is part of the Sentencing Commission's policy statement in U.S.S.G. § 1B1.13(2).

Accordingly, the district court denied Aruda's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).

## II. STANDARD OF REVIEW

We have not yet set forth the standard of review for sentence reduction decisions under 18 U.S.C. § 3582(c)(1). However, "[w]e review § 3582(c)(2) sentence reduction decisions for abuse of discretion." *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013). Likewise, we hold that we review § 3582(c)(1) sentence reduction decisions for abuse of discretion.

"A district court may abuse its discretion if it does not apply the correct law or if it rests its decision on a clearly erroneous finding of material fact." *Id.* (citation omitted). "Statutory interpretation is a question of law that we review de novo." *United States v. Washington*, 971 F.3d 856, 861 (9th Cir. 2020).

## III.   DISCUSSION

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)). Under 18 U.S.C. § 3582(c)(1)(A), Congress provided an exception, sometimes known as compassionate release, to reduce a sentence for "extraordinary and compelling reasons." For over thirty years, under the original statute, only the BOP Director could file a

§ 3582(c)(1)(A) motion for a sentence reduction on a defendant's behalf.  However, as part of the First Step Act of 2018, Congress amended § 3582(c)(1)(A) to also allow a defendant to seek a reduction directly from the court, provided that the defendant first seeks a reduction from the BOP and that request has either been denied or 30 days have passed.  Pub. L. No. 115-391, Title VI, sec. 603(b)(1), § 3582, 132 Stat. 5194, 5239 (2018).

Section 3582(c)(1)(A), as amended by the First Step Act, currently provides:

> (c) **Modification of an imposed term of imprisonment.—*The court may not modify a term of imprisonment once it has been imposed except that—***
>
> > (1) in any case—
> >
> > > (A) ***the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant*** after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, ***may reduce the term of imprisonment*** (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term

of imprisonment), *after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—*

> (i) *extraordinary and compelling reasons warrant such a reduction*; or

> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

> *and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission*[.]

18 U.S.C. § 3582(c)(1)(A) (emphases added).

Congress provided no statutory definition of "extraordinary and compelling reasons." Instead, Congress stated that the Sentencing Commission, "in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18,

shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t); *see also id.* § 994(a)(2)(C).

The Sentencing Commission's policy statement regarding "Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A)" is found at U.S.S.G. § 1B1.13. However, the Sentencing Commission has not updated § 1B1.13 since the First Step Act amended § 3582(c)(1)(A).[1] The current version of § 1B1.13 refers only to motions filed by the BOP Director, and does not reference motions filed by a defendant as now allowed under § 3582(c)(1)(A). Section 1B1.13 provides:

> ***Upon motion of the Director of the Bureau of Prisons*** under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
> (1)(A) extraordinary and compelling reasons warrant the reduction; or
>
> (B) the defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under

---

[1] The Sentencing Commission currently lacks a quorum of voting members and is therefore unable to update any Sentencing Guidelines.

18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;

(2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

(3) the reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13 (emphasis added).

In addition, in Application Note 1, the Sentencing Commission described four categories of "Extraordinary and Compelling Reasons." *Id.* cmt. n.1. The first three categories concern the "Medical Condition of the Defendant," "Age of the Defendant," and "Family Circumstances." *Id.* cmt. n.1(A)–(C). The fourth category is a catch-all provision vesting the "Director of the Bureau of Prisons" with the authority to determine "other" extraordinary and compelling reasons. *Id.* cmt. n.1(D).

Further, Application Note 4 states:

**4. Motion by the Director of the Bureau of Prisons.—***A reduction under this policy statement may be granted only upon motion by the Director of the Bureau of Prisons pursuant to 18 U.S.C. § 3582(c)(1)(A).* The Commission encourages the Director of the Bureau of Prisons to file such a motion if the defendant meets any of the circumstances set forth in Application Note 1. The court is in a unique position to determine whether the circumstances warrant a reduction (and, if so,

the amount of reduction), after considering the factors set forth in 18 U.S.C. § 3553(a) and the criteria set forth in this policy statement, such as the defendant's medical condition, the defendant's family circumstances, and whether the defendant is a danger to the safety of any other person or to the community.

*Id.* cmt. n.4 (emphasis added).

Following the First Step Act's amendment of § 3582(c)(1)(A), district courts across the country were initially split on whether U.S.S.G. § 1B1.13 is an "applicable policy statement[] issued by the Sentencing Commission" for § 3582(c)(1)(A) motions filed by a defendant rather than the BOP Director.  However, after the district court's decision here, five other circuits have addressed this issue and have unanimously held that U.S.S.G. § 1B1.13 only applies to § 3582(c)(1)(A) motions filed by the BOP Director, and does not apply to § 3582(c)(1)(A) motions filed by a defendant.  *See United States v. McGee*, No. 20-5047, 2021 WL 1168980, at *12 (10th Cir. Mar. 29, 2021); *United States v. McCoy*, 981 F.3d 271, 281–84 (4th Cir. 2020); *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020); *United States v. Jones*, 980 F.3d 1098, 1109 (6th Cir. 2020); *United States v. Brooker*, 976 F.3d 228, 234–37 (2d Cir. 2020).  As explained by the Fourth Circuit, "[t]here is as of now no 'applicable' policy statement governing compassionate-release motions filed by defendants under the recently amended § 3582(c)(1)(A), and as a result, district courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'"  *McCoy*, 981 F.3d at 284 (quoting *Brooker*, 976 F.3d at 230).

Our sister circuits have reached this conclusion based on: (1) the text of § 3582(c)(1)(A), which only requires courts to consider "applicable" policy statements by the Sentencing Commission; (2) the text of U.S.S.G. § 1B1.13, which begins "[u]pon motion of the Director of the Bureau of Prisons"; (3) the text of Application Note 4 to § 1B1.13, which states that "[a] reduction under this policy statement may be granted only upon motion by the Director of the Bureau of Prisons pursuant to 18 U.S.C. § 3582(c)(1)(A)"; (4) the text of Application Note 1(D) to § 1B1.13, which is a catch-all provision allowing only the "Director of the Bureau of Prisons" to determine "other" extraordinary and compelling reasons; and (5) the legislative history of the First Step Act's compassionate-release amendment, which sought to expand and expedite compassionate-release motions because they had seldom been brought by the BOP. *See McGee*, 2021 WL 1168980, at \*10–12; *McCoy*, 981 F.3d at 280–84; *Gunn*, 980 F.3d at 1180; *Jones*, 980 F.3d at 1109–11; *Brooker*, 976 F.3d at 235–37.

We agree with the persuasive decisions of our sister circuits and also hold that the current version of U.S.S.G. § 1B1.13 is not an "applicable policy statement[]" for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant. In other words, the Sentencing Commission has not yet issued a policy statement "applicable" to § 3582(c)(1)(A) motions filed by a defendant. The Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding. *See Gunn*, 980 F.3d at 1180.

Because the district court treated U.S.S.G. § 1B1.13 as binding, we vacate and remand so that the district court can reassess Aruda's motion for compassionate release under the

standard set forth here. We offer no views as to the merits of Aruda's § 3582(c)(1)(A)(i) motion, and we leave it to the district court to consider Aruda's new allegation that she has since contracted and recovered from COVID-19.

**VACATED AND REMANDED**.