**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 24 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-10382 |
| Plaintiff-Appellee, | D.C. No. 1:13-cr-00244-DKW-1 |
| v. | |
| JAMES MOON, | |
| | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Derrick K. Watson, District Judge, Presiding

Submitted May 18, 2021[**]

Before: CANBY, FRIEDLAND, and VANDYKE, Circuit Judges.

James Moon appeals from the district court's order denying his motion for

compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). We have jurisdiction

under 28 U.S.C. § 1291, and we affirm.

Moon contends the district court erred in treating U.S.S.G. § 1B1.13 as a

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2). We, therefore, grant
appellant's motion to expedite submission without oral argument.

binding policy statement. Though we recently held that district courts may not treat § 1B1.13 as binding in evaluating a compassionate release motion brought by a prisoner, *see United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021), we disagree with Moon that the district court did so here. While the court cited § 1B1.13, nothing in the record supports Moon's argument that the court improperly limited its review to only those factors set forth in the guideline. Rather, the court conducted the "holistic review of the totality of the circumstances and a determination of whether extraordinary and compelling reasons counsel compassion" Moon argues is required, and reasonably concluded that the factors listed in 18 U.S.C. § 3553(a) did not support a reduction. *See* 18 U.S.C. § 3582(c)(1)(A). The court did not misconstrue or misapply the legal standard, and it properly considered the seriousness of Moon's offense against his laudable personal history and significant rehabilitation efforts. The court did not abuse its discretion in denying relief. *See Aruda*, 993 F.3d at 799; *see also United States v. Robertson*, 895 F.3d 1206, 1213 (9th Cir. 2018) (district court abuses its discretion only if its decision is illogical, implausible, or not supported by the record).

**AFFIRMED**.

20-10382