**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 30 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    20-10433 |
| Plaintiff-Appellee, | D.C. No. 1:14-cr-00688-HG-1 |
| v. | |
| LUKE WARNER, AKA Lucky, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Helen W. Gillmor, District Judge, Presiding

Submitted June 21, 2021**

Before:    SILVERMAN, WATFORD, and BENNETT, Circuit Judges.

Luke Warner appeals from the district court's order denying his motion for

compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).  We have jurisdiction

under 28 U.S.C. § 1291, and we vacate and remand for the district court to

reconsider Warner's motion.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

As a preliminary matter, we exercise our discretion under Federal Rule of Appellate Procedure 4(c)(1)(B) and accept Warner's declaration, accompanied by outgoing mail receipts, that he deposited his notice of appeal with the prison authorities 12 days after entry of the district court's order. We accordingly reject the government's argument that Warner's notice of appeal was untimely. *See* Fed. R. App. P. 4(b)(1)(A), (c)1).

Turning to the merits, the district court concluded that Warner had not shown "extraordinary and compelling" reasons warranting his release. 18 U.S.C. § 3582(c)(1)(A)(i). It appears that in doing so, the district court may have treated U.S.S.G. § 1B1.13 as binding. After the district court's decision, we held that "the current version of U.S.S.G. § 1B1.13 is not an applicable policy statement for § 3582(c)(1)(A) motions filed by a defendant." *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (internal quotation marks and alterations omitted). "The Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *Id.*

In light of our intervening decision in *Aruda*, we vacate and remand so that the district court can reassess Warner's motion for compassionate release under the standard set forth there. We offer no views as to the merits of Warner's § 3582(c)(1)(A)(i) motion, and we leave it to the district court to consider his new

allegation that he has since contracted COVID-19.

In light of this disposition, we do not reach Warner's remaining contentions.

Warner's motions to file an untimely, oversized reply brief and exhibits under seal are granted. The Clerk will file under seal the reply brief and exhibits at Docket Entry No. 33.

Warner's motion for service of filings is granted. The Clerk will serve on appellant a copy of appellant's filings at Docket Entry Nos. 31 and 33.

Warner's motions to submit supplemental information, and all other pending motions, are denied. The motions and attachments at Docket Entry Nos. 12 and 39 will remain under seal.

**VACATED AND REMANDED.**