**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-30197 |
| Plaintiff-Appellee, | D.C. No. 2:14-cr-00275-JLR-1 |
| v. | |
| ANDREW MARK SALAZAR, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Argued and Submitted July 6, 2021
Seattle, Washington

Before:  HAWKINS, CLIFTON, and IKUTA, Circuit Judges.

Defendant-Appellant Andrew Salazar asks that we vacate and remand for

further consideration the district court's denial of his motion for a reduction in

sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), otherwise known as

"compassionate release." Salazar argues that the district court abused its discretion

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

by denying the motion by utilizing what appears to be a form with boxes and blanks to be filled in. We review the denial of § 3582(c)(1)(A) sentence reduction for abuse of discretion, *United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021), and affirm.

The district court did not err when it refused to address Salazar's argument that there were "extraordinary and compelling reasons" for a § 3582(c)(1)(A) sentencing reduction because "a district court that properly denies compassionate release need not evaluate" both whether there were "extraordinary and compelling reasons" and the § 3553(a) factors. See *United States v. Keller*, Nos. 20-50247, 21-50035, 2021 WL 2695129, at *5 (9th Cir. July 1, 2021).

Although additional explanation by the district court of its reasoning regarding the § 3553(a) factors might have been helpful to our review, under the circumstances we cannot conclude that the district court abused its discretion when it denied Salazar's motion. *See, e.g.*, *Chavez-Meza v. United States*, 138 S. Ct. 1959, 1965 (2018) (explaining that the level of explanation required depends "upon the circumstances of the particular case"). It is possible to discern the district court's reasoning by reference to the factors identified in the denial order as having been considered by the district court, perhaps most importantly the nature of the

crimes underlying the conviction and the potential risk to the community if Salazar were released. *Id.* at 1967.

We cannot conclude that the district court's resolution of the motion was "illogical, implausible, or without support in inferences that may be drawn from the facts in the record," *United States v. Hinkson*, 585 F.3d 1247, 1263 (9th Cir. 2009) (en banc), so we affirm.

**AFFIRMED.**