NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 19 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> ALEXANDER MARTINEZ, <br><br> Defendant-Appellant. | No.    21-50113 <br><br> D.C. Nos. <br> 3:15-cr-02821-BAS-3 <br> 3:15-cr-02821-BAS <br><br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Southern District of California
Cynthia A. Bashant, District Judge, Presiding

Argued and Submitted August 4, 2021
Anchorage, Alaska

Before:  WARDLAW, MILLER, and BADE, Circuit Judges.

Alexander Martinez appeals the district court's denial of his motion for

compassionate release for "extraordinary and compelling reasons" under 18 U.S.C.

§ 3582(c)(1)(A)(i).  We have jurisdiction pursuant to 28 U.S.C. § 1291.  We

review sentence reduction decisions under 18 U.S.C. § 3582(c)(1) for abuse of

discretion, *United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021) (per curiam),

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

and we affirm.

Contrary to Martinez's contention, we find no indication that the district court impermissibly treated U.S.S.G. § 1B1.13 as a binding policy statement or misapplied *Aruda*. *See Aruda*, 993 F.3d at 802 ("[T]he current version of U.S.S.G. § 1B1.13 is not an 'applicable policy statement[ ]' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant. . . . The Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding."). The district court did not cite § 1B1.13, and the record does not support Martinez's argument that the court improperly limited its review to the statements provided in that provision. *See United States v. Gasca-Ruiz*, 852 F.3d 1167, 1174–75 (9th Cir. 2017) (en banc) (stating that "absent some indication that the district court had in mind a different definition," we "will not assume that the court applied the wrong legal standard").

Rather, the district court applied the correct law when determining whether "extraordinary and compelling reasons warrant[ed]" a reduction in Martinez's term of imprisonment, 18 U.S.C. § 3582(c)(1)(A)(i), and appropriately considered the factors set forth in 18 U.S.C. § 3553(a) in concluding that Martinez's sentence accurately reflected his involvement in the offense, "even after COVID-19 and appellate guidance." The district court explained that compassionate release was not warranted because—unlike his co-defendant who chose to go to trial—

Martinez "solicited kickbacks for referrals," stipulated to the amount of loss behind the alleged miscalculation in his plea agreement, and waived his right to appeal and to collaterally attack his conviction and/or sentence. The record supports the district court's conclusions, and the district court did not abuse its discretion by denying Martinez's motion for compassionate release. *See Aruda*, 993 F.3d at 799 ("A district court may abuse its discretion if it does not apply the correct law or if it rests its decision on a clearly erroneous finding of material fact." (citation omitted)).

**AFFIRMED.**