UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JAMES MOON,

Defendant-Appellant.

No. 20-10382

D.C. No. 1:13-cr-00244-DKW-1
District of Hawaii,
Honolulu

ORDER

Before: CANBY, FRIEDLAND, and VANDYKE, Circuit Judges.

Judges Canby and Friedland vote to grant James Moon's petition for panel rehearing (Docket Entry No. 20), and Judge VanDyke votes to deny the petition. The petition for rehearing is granted. The memorandum disposition filed on May 24, 2021, and appearing at 848 Fed. App'x. 347 (9th Cir. 2021), is withdrawn. A replacement memorandum disposition is being filed concurrently with this order.

Because the petition for rehearing is granted, the suggestion for rehearing en banc is moot.

Any further petition for rehearing is due 14 days from the date of this order.

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 27 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-10382 |
| Plaintiff-Appellee, | D.C. No. 1:13-cr-00244-DKW-1 |
| v. | |
| JAMES MOON, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Derrick K. Watson, District Judge, Presiding

Submitted August 24, 2021**

Before:   CANBY, FRIEDLAND, and VANDYKE, Circuit Judges.

Disposition by Judges CANBY and FRIEDLAND, Dissent by Judge

VANDYKE.

James Moon appeals from the district court's order denying his motion for

compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).  We have jurisdiction

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).  We, therefore, grant
appellant's motion to expedite submission without oral argument.

under 28 U.S.C. § 1291.  We vacate the district court's order and remand for the district court to reconsider Moon's motion.

The district court held that Moon had not shown "extraordinary and compelling" reasons warranting his release.  18 U.S.C. § 3582(c)(1)(A)(i).  In doing so, the district court relied on U.S.S.G. § 1B1.13.  After the district court's decision, we held that "the current version of U.S.S.G. § 1B1.13 is not an applicable policy statement for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant."  *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (internal quotation marks and alterations omitted).  "The Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding."  *Id*.

In light of our intervening decision in *Aruda*, we vacate and remand so that the district court can reassess Moon's motion for compassionate release under the standard set forth there.  We offer no views as to the merits of Moon's § 3582(c)(1)(A)(i) motion.

**VACATED and REMANDED**.



VANDYKE, Circuit Judge, dissenting:

I would affirm the denial for the reasons stated in the court's original memorandum disposition.

20-10382