**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 17 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-10062 |
| Plaintiff-Appellee, | D.C. No. 1:17-cr-00322-LEK-1 |
| v. | |
| EDGAR VILORIA UDARBE, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Submitted September 14, 2021[**]

Before: PAEZ, NGUYEN, and OWENS, Circuit Judges.

Edgar Viloria Udarbe appeals from the district court's order denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand.

Udarbe contends that the district court did not fully recognize its discretion

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

to grant him relief because it incorrectly believed it was constrained by U.S.S.G. § 1B1.13. In *United States v. Aruda*, 993 F.3d 797 (9th Cir. 2021), which we decided after the district court denied Udarbe's motion, we held that "U.S.S.G. § 1B1.13 is not an applicable policy statement for 18 U.S.C. § 3582(c)(1)(A)(i) motions filed by a defendant." *Id.* at 802. Thus, a district court may not treat § 1B1.13 as binding in assessing a compassionate release motion brought by a prisoner. *See id.* Here, the district court treated § 1B1.13 as applicable, and explained that, in keeping with the Guideline, Udarbe needed to show that he had a serious medical condition that diminished his ability to provide self-care in a correctional facility. *See* U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). While the court ultimately determined that Udarbe did not have sufficient risk factors to indicate that he would suffer a severe case of COVID-19 if he were to become reinfected with it, we cannot discern to what degree that determination was affected by the court's application of § 1B1.13. Accordingly, we vacate the district court's order and remand so that the district court can assess Udarbe's motion under the standard set forth in *Aruda*. We offer no views as to the merits of Udarbe's motion.

In light of this disposition, we do not reach Udarbe's remaining arguments.

Udarbe's motion for judicial notice is denied without prejudice to renewal in the district court.

**VACATED and REMANDED.**

20-10062