NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 20 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-30092 |
| Plaintiff-Appellee, | D.C. No. 1:18-cr-00059-SPW-1 |
| v. | |
| DUSTIN JOHN JAMES HOUSTON, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted October 12, 2021**

Before:    TALLMAN, RAWLINSON, and BUMATAY, Circuit Judges.

Dustin John James Houston appeals pro se from the district court's order

denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).

We have jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion,

*see United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021), and we affirm.

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court concluded that Houston had demonstrated extraordinary and compelling reasons supporting compassionate release, but determined that a sentence reduction was not warranted in light of the 18 U.S.C. § 3553(a) factors. Contrary to Houston's argument, the district court appropriately weighed the § 3553(a) factors and reasonably concluded that relief was not warranted. The district court considered the nature of Houston's offense, which included repeated possession of methamphetamine and firearms, and Houston's criminal history, including his prior convictions for drug possession, robbery, battery, and assault likely to produce great bodily injury. In light of these circumstances, as well as the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, and protect the public from further crimes, the district court did not abuse its discretion in denying relief. *See United States v. Robertson*, 895 F.3d 1206, 1213 (9th Cir. 2018) (a district court abuses its discretion only if its decision is illogical, implausible, or without support in the record).

To the extent Houston asks this court to order his compassionate release, his request is denied.

**AFFIRMED.**

21-30092