**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

OCT 21 2021

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-50038 |
| Plaintiff-Appellee, | D.C. No. 2:95-cr-00345-RSWL-16 |
| v. | |
| RAYMOND SHRYOCK, AKA Huero Shy, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Ronald S.W. Lew, District Judge, Presiding

Submitted October 12, 2021[**]

Before:     TALLMAN, RAWLINSON, and BUMATAY, Circuit Judges.

Raymond Shryock appeals pro se from the district court's order denying his

motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).  We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

Shryock contends that the district court should have granted his motion

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

given his age, poor health, family circumstances, rehabilitative efforts, the conditions at his facility, and the length of time he has served. He argues that the court failed to consider, or gave insufficient weight to, these mitigating circumstances. The record reflects, however, that the court considered Shryock's arguments and simply did not find them persuasive. The district court did not abuse its discretion in concluding that Shryock had failed to show extraordinary and compelling circumstances warranting compassionate release, and that the 18 U.S.C. § 3553(a) factors did not support release. *See* 18 U.S.C. § 3582(c)(1)(A)(i); *United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021) (stating standard of review). Although Shryock has served a significant amount of time on his life sentence and has made rehabilitative efforts while in custody, the court did not abuse its discretion by denying release given the serious and violent nature of Shryock's offenses and the need to promote respect for the law, provide just punishment, and afford adequate deterrence. *See* 18 U.S.C. § 3553(a)(1), (2)(A)-(C). Moreover, the district court did not rely on any clearly erroneous facts. *See United States v. Graf*, 610 F.3d 1148, 1157 (9th Cir. 2010) ("A finding is clearly erroneous if it is illogical, implausible, or without support in the record.").

**AFFIRMED.**