**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 19 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | Nos. 21-50012 |
| Plaintiff-Appellee, | 21-50013 |
| v. | D.C. Nos. 5:13-cr-00005-VAP-1 |
| | 5:18-cr-00148-VAP-1 |
| ISMAEL SERRANO, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Submitted November 8, 2021[**]

Before:    CANBY, TASHIMA, and MILLER, Circuit Judges.

In these consolidated appeals, Ismael Serrano appeals pro se from the district court's order denying his motions for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). We have jurisdiction under 28 U.S.C. § 1291. Reviewing for abuse of discretion, *see United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021),

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

we affirm.

Serrano contends that the district court incorrectly believed that, because U.S.S.G. § 1B1.13 constrained its review of whether he had shown extraordinary and compelling reasons for release, it could not grant relief to a prisoner like Serrano who had no underlying health conditions. The record does not support Serrano's claim. The district court expressly declined to decide if § 1B1.13 was binding, and instead properly relied on it only as guidance. *See Aruda*, 993 F.3d at 802. Furthermore, the court demonstrated that it understood its discretion to grant relief when it considered Serrano's arguments regarding his health conditions and his experience when he contracted COVID-19, and acknowledged the spread of COVID-19 in the prisons and at Serrano's prison in particular. The court did not abuse its discretion in concluding that Serrano had failed to establish extraordinary and compelling reasons for release, nor did it abuse its discretion when it observed that the 18 U.S.C. § 3553(a) factors also would not support relief, given the dangerousness of Serrano's offense conduct, his criminal history, and his poor performance on supervision.

The government's motion to supplement the record or, in the alternative, for judicial notice, is denied.

**AFFIRMED.**