**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 21 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-30145 |
| Plaintiff-Appellee, | D.C. No. 1:19-cr-00015-SPW-1 |
| v. | |
| JACK PRESTON COVERSUP, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted December 14, 2021**

Before:    WALLACE, CLIFTON, and HURWITZ, Circuit Judges.

Jack Preston Coversup appeals pro se from the district court's order denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). We have jurisdiction under 28 U.S.C. § 1291. Reviewing for abuse of discretion, *see United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021), we affirm.

---

   *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

   **   The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Coversup contends that the district court abused its discretion by denying his motion because his medical conditions, in combination with alleged errors in his underlying criminal proceeding and with respect to an earlier conviction, justified compassionate release. We disagree. The district court reasonably concluded that, notwithstanding Coversup's health conditions, relief was not warranted because of the absence of COVID-19 infections at his prison, the high number of vaccinated prisoners there, the short amount of time Coversup had served on his sentence, and the imminent availability of the vaccine to Coversup. Even assuming Coversup's challenges to the instant conviction and a prior conviction were valid grounds for seeking compassionate release, the court did not abuse its discretion in concluding that they did not support release. *See United States v. Robertson*, 895 F.3d 1206, 1213 (9th Cir. 2018) (district court abuses its discretion only when its conclusions are illogical, implausible, or without support in the record).

**AFFIRMED.**