**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 22 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-30191 |
| Plaintiff-Appellee, | D.C. No. 3:19-cr-00330-SI-2 |
| v. | |
| GABRIEL TIGMARAU, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Submitted February 15, 2022[**]

Before:     FERNANDEZ, TASHIMA, and FRIEDLAND, Circuit Judges.

Gabriel Tigmarau appeals from the district court's order denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). We have jurisdiction under 28 U.S.C. § 1291. Reviewing for abuse of discretion, *see United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021), we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Tigmarau contends that the district court failed to (1) explain adequately its conclusion that Tigmarau did not demonstrate extraordinary and compelling reasons for relief or (2) consider or address Tigmarau's arguments related to post-sentencing developments that weighed in favor of release. The record reflects that the district court considered Tigmarau's arguments, including the alleged increase in Tigmarau's vulnerability to COVID-19 since his original sentencing, but concluded that these concerns were ameliorated by Tigmarau's vaccination status and the low incidence of infection at his facility. The court further concluded that release was unwarranted in light of the 18 U.S.C. § 3553(a) factors, including the seriousness of the offenses and the need for the sentence to promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public. Contrary to Tigmarau's contention, this explanation allows meaningful appellate review. *See Chavez-Meza v. United States*, 138 S. Ct. 1959, 1965-67 (2018). Finally, the record does not support Tigmarau's claim that the court implicitly applied a categorical rule that a medically high-risk inmate housed in a high-risk facility can never qualify for relief. The district court did not abuse its discretion by denying relief here. *See Aruda*, 993 F.3d at 799.

**AFFIRMED.**

21-30191