**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 25 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-30104 |
| Plaintiff-Appellee, | D.C. No. 1:18-cr-00076-BLW-1 |
| v. | |
| RYAN ANDREW CHAMBERS, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, District Judge, Presiding

Submitted February 15, 2022[**]

Before:     FERNANDEZ, TASHIMA, and FRIEDLAND, Circuit Judges.

Ryan Andrew Chambers appeals pro se from the district court's order

denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).

We have jurisdiction under 28 U.S.C. § 1291.  Reviewing for abuse of discretion,

*see United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021), we affirm.

---

        [*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        [**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Chambers contends that the district court erred by finding that his hypertension had resolved and that there was a low rate of COVID-19 infection at his facility. He further argues that the court erred in relying on, as a factor weighing against relief, the Bureau of Prisons' ("BOP") vaccine distribution. The court's findings are supported by the record, and it reasonably relied on them to conclude that Chambers' medical conditions and risk posed by COVID-19 did not establish extraordinary and compelling circumstances warranting release. *See* 18 U.S.C. § 3582(c)(1)(A)(i); *United States v. Robertson*, 895 F.3d 1206, 1213 (9th Cir. 2018) (district court abuses its discretion only if its decision is illogical, implausible, or without support in the record).

Chambers next argues that the district court erred in its calculation of how many months he had served at the time he filed his motion and also in its description of his convictions. The factual errors of which Chambers complains are, at most, minor discrepancies that do not undermine the district court's reasonable concerns regarding the minimal amount of time Chambers had served on his 240-month sentence, his history and characteristics, and the seriousness of his offense. On this record, the district court did not abuse its discretion in denying relief, notwithstanding Chambers' contention that COVID-19 has made prison more punitive. *See Robertson*, 895 F.3d at 1213.

Finally, Chambers' unsupported claim of actual innocence does not

21-30104

undermine the district court's conclusion that relief was not warranted.

The government's unopposed motion for judicial notice is granted.

**AFFIRMED.**