**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 25 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-10377 |
| Plaintiff-Appellee, | D.C. No. 2:14-cr-00038-JAM-1 |
| v. | |
| FRANK W. COON, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted February 15, 2022[**]

Before:    FERNANDEZ, TASHIMA, and FRIEDLAND, Circuit Judges.

Frank W. Coon appeals from the district court's order denying his motion

for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

Coon contends that the district court should have granted him compassionate

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

release because he suffers from multiple and serious medical conditions and the 18 U.S.C. § 3553(a) factors weigh in favor of relief. The district court did not abuse its discretion in denying Coon's motion. *See United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021). The record supports the district court's conclusion that Coon's medical conditions were not so debilitating to rise to the level of extraordinary and compelling circumstances. *See* 18 U.S.C. § 3582(c)(1)(A)(i). The court also reasonably concluded that, in light of the substantial amount of time remaining on Coon's sentence, relief would undermine the § 3553(a) sentencing factors by minimizing the need to protect the public and the need to afford adequate deterrence. On this record, the district court did not abuse its discretion in denying relief. *See United States v. Robertson*, 895 F.3d 1206, 1213 (9th Cir. 2018) (district court abuses its discretion only if its decision is illogical, implausible, or without support in the record). Lastly, the record belies Coon's assertion that the district court misunderstood the length of his sentence.

**AFFIRMED.**

20-10377