**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 24 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-10271 |
| Plaintiff-Appellee, | D.C. No. 1:19-cr-00036-DKW-1 |
| v. | |
| CORALEEN TUISALOO, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Derrick K. Watson, District Judge, Presiding

Submitted March 16, 2022**

Before:    SILVERMAN, MILLER, and BUMATAY, Circuit Judges.

Coraleen Tuisaloo appeals from the district court's order denying her motion

for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).  We have

jurisdiction under 28 U.S.C. § 1291.  Reviewing for abuse of discretion, *see United*

*States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021), we affirm.

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Tuisaloo contends that the district court abused its discretion by determining that her purported eligibility for safety valve relief under 18 U.S.C. § 3553(f), which went unrecognized at sentencing, did not warrant relief under 18 U.S.C. § 3582(c)(1)(A)(i). Assuming without deciding that Tuisaloo's alleged safety valve eligibility is a proper basis for seeking compassionate release, the district court did not abuse its discretion by concluding that the § 3553(a) factors did not support a lower sentence even if Tuisaloo had been eligible for safety valve relief. Contrary to Tuisaloo's argument, the district court provided an adequate explanation for its decision, *see Chavez-Meza v. United States*, 138 S. Ct. 1959, 1965-67 (2018), and its § 3553(a) analysis was consistent with the requirements of the compassionate release statute, *see* 18 U.S.C § 3582(c)(1)(A).

**AFFIRMED.**