**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 13 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>LESLIE MINORU UEKI,<br><br>Defendant-Appellant. | No.  21-10189<br><br>D.C. Nos.<br>1:08-cr-00715-DKW-1<br>1:08-cr-00715-DKW<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Hawaii
Derrick Kahala Watson, District Judge, Presiding

Submitted July 7, 2022[**]
Honolulu, Hawaii

Before:  WARDLAW, NGUYEN, and OWENS, Circuit Judges.

Leslie Ueki appeals from the district court's order denying his motion for

compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).  We review the district

court's decision for abuse of discretion.  *United States v. Aruda*, 993 F.3d 797, 799

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 2021) (per curiam). As the parties are familiar with the facts, we do not recount them here. We affirm.

1. Ueki argues that the district court should have granted his motion because under 21 U.S.C. § 841 as amended by the First Step Act, Ueki would be subject to only a 15-year mandatory minimum sentence, rather than the 20-year mandatory minimum that existed at the time he was sentenced. 21 U.S.C. § 841(b)(1)(A). However, that lower mandatory minimum sentence does not apply retroactively. First Step Act of 2018, Pub. L. No. 115-391, § 401(c), 132 Stat. 5194, 5222 (2018). Assuming a court *may* consider a non-retroactive reduction in a statutory mandatory minimum sentence part of the "extraordinary and compelling" circumstances justifying a sentence reduction, the court is not *required* to do so. The district court was within its discretion not to consider the reduction at issue here an extraordinary and compelling circumstance meriting a sentence reduction.

Ueki also asserts that he lost the benefit of his plea bargain because if the government were negotiating today, it would not be able to threaten him with a life sentence. But the district court did not abuse its discretion in determining that the sentence it previously imposed on Ueki nonetheless remained appropriate.

Ueki contends that the district court did not adequately explain its reasons for rejecting his arguments on the amended mandatory minimum sentence and the loss of his plea deal. But the court's explanation, while brief, was sufficient under

2

the circumstances of this case and did not constitute an abuse of discretion. *See Chavez-Meza v. United States*, 138 S. Ct. 1959, 1965-68 (2018).

2. Ueki also argues that the district court should have granted his motion because his health conditions placed him at high risk of serious illness from COVID-19. The district court considered Ueki's ongoing health conditions as well as his vaccination status and the low rate of COVID-19 at his place of imprisonment. The court found that Ueki's health conditions did not put him at a higher than usual risk from COVID-19, and that his vaccination and the low rate of COVID-19 at his place of imprisonment further reduced his risk. The court properly considered the totality of the circumstances and was within its discretion to find Ueki's health conditions not an extraordinary and compelling circumstance meriting compassionate release.

3. Finally, Ueki argues that the district court misapplied the *Aruda* standard in denying his motion. We held in *Aruda* that while U.S.S.G. § 1B1.13 was not binding, it could still inform a court's decision. 993 F.3d at 802. While it seems from the record that the district court did not in fact rely on § 1B1.13, even if it did, taking § 1B1.13 into account as an advisory source would not be contrary to *Aruda*. The district court thus correctly applied the *Aruda* standard.

**AFFIRMED.**