**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-30199 |
| Plaintiff-Appellee, | D.C. No. 3:14-cr-00098-RRB-1 |
| v. | |
| JONATHAN ORTIZ ESCALANTE, AKA Superman, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, District Judge, Presiding

Submitted August 17, 2022**

Before:     S.R. THOMAS, PAEZ, and LEE, Circuit Judges.

Jonathan Ortiz Escalante appeals pro se from the district court's order

denying his motion for compassionate release pursuant to 18 U.S.C.

§ 3582(c)(1)(A)(i).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Escalante contends that he is entitled to release in light of the COVID-19

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

pandemic, his medical conditions, his release plan and rehabilitation, and because he has served a portion of his sentence in lockdown conditions due to the pandemic. The district court did not abuse its discretion in concluding otherwise. *See United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021) (stating standard of review). The court considered Escalante's medical conditions and circumstances, but reasonably concluded that they did not constitute extraordinary and compelling reasons for release because Escalante was in relatively good health, was receiving adequate care, and had been fully vaccinated. The district court also reasonably determined that the 18 U.S.C. § 3553(a) factors did not justify release due to Escalante's criminal history and the "impact of his illegal conduct on the community." Escalante has not shown that the district court relied on any clearly erroneous findings of fact, *see United States v. Graf*, 610 F.3d 1148, 1157 (9th Cir. 2010), nor is there any support in the record for his suggestion that the court improperly treated U.S.S.G. § 1B1.13 as binding, *see Aruda*, 993 F.3d at 802.

**AFFIRMED.**

21-30199