NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 26 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-50200 |
| Plaintiff-Appellee, | D.C. No. 8:07-cr-00202-DOC-5 |
| v. | |
| JOSE GONZALEZ, AKA Black, AKA Negro, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted April 17, 2023[**]

Before:    CLIFTON, R. NELSON, and BRESS, Circuit Judges.

Jose Gonzalez appeals pro se from the district court's order denying his

motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). We have

jurisdiction under 28 U.S.C. § 1291, and we vacate and remand.

The district court correctly acknowledged that it could consider the First

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Step Act's non-retroactive changes to the applicable mandatory minimum in assessing whether to grant compassionate release. *See United States v. Chen*, 48 F.4th 1092, 1098 (9th Cir. 2022). However, it determined that those changes did not constitute extraordinary and compelling circumstances in this case because Gonzalez's Guidelines range at sentencing was "240 months to life," and it would resentence him "within the Guideline range of no fewer than 240 months." The government has acknowledged that the district court's conclusion was based on incorrect determinations of fact as to the Guidelines range that applied at Gonzalez's initial sentencing and the range that would apply if Gonzalez were sentenced today. *See United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021) (district court abuses its discretion if it relies on clearly erroneous material facts to deny compassionate release). The record shows that the Guidelines range at sentencing was 240 months—not 240 months to life—solely because of the then-applicable mandatory minimum. *See* U.S.S.G § 5G1.1(b). We, therefore, vacate the district court's order denying Gonzalez's motion and remand for the district court to reconsider whether the First Step Act's reduction in the applicable mandatory minimum, along with other intervening changes in sentencing law, support Gonzalez's request for compassionate release. *See Chen*, 48 F.4th at 1101.

We do not address Gonzalez's remaining arguments on appeal.[1]

**VACATED and REMANDED.**

---

[1] Consistent with the government's request, we deem its motion to remand, which was premised on a different argument than the one advanced in the later-filed answering brief, withdrawn.