**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-10282 |
| Plaintiff-Appellee, | D.C. No. 1:13-cr-00513-JMS-2 |
| v. | |
| ANTHONY BUZIO SANCHEZ, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
J. Michael Seabright, District Judge, Presiding

Submitted July 18, 2023[**]

Before:    SCHROEDER, RAWLINSON, and BADE, Circuit Judges.

Anthony Buzio Sanchez appeals pro se from the district court's order

denying his third motion for compassionate release under 18 U.S.C.

§ 3582(c)(1)(A)(i) based on COVID-19.  We have jurisdiction under 28 U.S.C.

§ 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Sanchez contends that the district court gave insufficient consideration to his asserted extraordinary and compelling reasons, including his brother's need for a kidney transplant, Sanchez's mental and physical health, and the harsh prison environment created by the Bureau of Prisons' alleged mismanagement of COVID-19. He also argues that the court should have given greater weight to his post-conviction rehabilitation and his alleged lack of danger to the public.

The district court did not abuse its discretion in denying relief. *See United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021). In a thorough order, the court considered Sanchez's circumstances and arguments, specifically acknowledging the "inordinate amount of [mental and physical] stress" caused by COVID-19. However, it reasonably determined that Sanchez's full vaccination against COVID-19, as well as his failure to show that he had been diagnosed with any serious mental health condition, counseled against an extraordinary and compelling finding. Contrary to Sanchez's argument, the court was not required to specifically explain why it was not persuaded by Sanchez's assertion concerning his need to act as a kidney donor for his brother, which Sanchez failed to substantiate.[1] *See Chavez-Meza v. United States*, 138 S. Ct. 1959, 1965-68 (2018). The district court

---

[1] Sanchez's motion for leave to file a supplemental medical record is denied because this document was not part of the record in the district court. *See Rudin v. Myles*, 781 F.3d 1043, 1057 n.18 (9th Cir. 2014). In any event, the document does not address Sanchez's suitability as a donor or other pertinent issues.

also reasonably concluded that nothing in Sanchez's newest motion warranted a change in its prior determination that reducing Sanchez's sentence would "severely undermine" the 18 U.S.C. § 3553(a)(2) sentencing factors.

On this record, the district court did not abuse its discretion in denying Sanchez's motion. *See United States v. Robertson*, 895 F.3d 1206, 1213 (9th Cir. 2018) (district court abuses its discretion only where its conclusion is illogical, implausible or without support in the record).

**AFFIRMED.**