NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 16 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>CARL MARK MADDEN,<br><br>Defendant - Appellant. | No. 24-2140<br><br>D.C. No.<br>1:21-cr-00005-SPW-1<br><br>MEMORANDUM* |

Appeal from the United States District Court for the
District of Montana
Susan P. Watters, District Judge, Presiding

Submitted October 16, 2024**

Before:    SILVERMAN, R. NELSON, and MILLER, Circuit Judges.

Carl Mark Madden appeals from the district court's order denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). We have jurisdiction under 28 U.S.C. § 1291. Reviewing for abuse of discretion, *see United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021), we affirm.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Madden sought compassionate release on the basis of his serious medical conditions and the Bureau of Prisons' ("BOP") failure to house him at a medical facility. The district court concluded that Madden had established extraordinary and compelling circumstances arising from his significant medical conditions, and acknowledged that the BOP had not placed Madden at a medical facility as the court had recommended. It also recognized that these findings "may put the thumb on the scale for certain [18 U.S.C.] § 3553(a) factors." However, the court determined that the remaining § 3553(a) sentencing factors did not support relief given "Madden's significant criminal history, the fact that his criminal conduct continued despite his ailments, and the fact that he committed the present offense while living with his sister, which [was] his proposed release plan." The district court did not abuse its discretion in reaching these conclusions, which are supported by the record. *See United States v. Robertson*, 895 F.3d 1206, 1213 (9th Cir. 2018) (a district court abuses its discretion only if its decision is illogical, implausible, or without support in the record).

Moreover, even if Madden were correct that the district court should not have considered the amended version of U.S.S.G. § 1B1.13, the record belies his assertion that the court treated his dangerousness as dispositive. To the contrary, the court declined to find Madden ineligible for relief based on dangerousness, and instead properly relied on the totality of the § 3553 factors to deny relief. *See*

*United States v. Wright*, 46 F.4th 938, 946-48 (9th Cir. 2022).

**AFFIRMED.**