NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 21 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-10083 |
| Plaintiff-Appellee, | D.C. No. 1:13-cr-00860-LEK-16 |
| v. | |
| TINEIMALO ADKINS, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Submitted October 12, 2021[**]

Before:     TALLMAN, RAWLINSON, and BUMATAY, Circuit Judges.

Tineimalo Adkins appeals from the district court's orders denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) and subsequent motion for reconsideration. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

We need not address the parties' arguments regarding exhaustion because, even if the district court erred by addressing Adkins's motions on the merits, the error was harmless because the court properly denied relief on other grounds. *See United States v. Keller*, 2 F. 4th 1278, 1283 (9th Cir. 2021).

Adkins argues that the district court applied the wrong legal standard by treating U.S.S.G. § 1B1.13 as binding in violation of *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021). We reject this claim because, although the district court appears to have treated § 1B1.13 as binding in its initial order, on reconsideration it explained that it was not constrained by § 1B1.13. Nevertheless, its "independent assessment" that Adkins had failed to demonstrate extraordinary and compelling reasons for release was "unchanged."

Adkins also contends that the district court improperly bifurcated its analysis by declining to consider the § 3553(a) factors and certain arguments. However, given the court's conclusion that Adkins had failed to show extraordinary and compelling reasons for relief, it was not required to reach the § 3553(a) factors. *See Keller*, 2 F.4th at 1284 ("[A] district court that properly *denies* compassionate release need not evaluate each step."). Moreover, the record reflects that the court considered Adkins's circumstances and arguments and provided a sufficient explanation for its decision. *See Chavez-Meza v. United States*, 138 S. Ct. 1959, 1965 (2018). The court did not abuse its discretion in concluding that Adkins's

recovery from COVID-19 undermined his argument for release and that he had failed to establish extraordinary and compelling reasons. *See Keller*, 2 F.4th at 1281 (stating standard of review); *United States v. Robertson*, 895 F.3d 1206, 1213 (9th Cir. 2018) (district court abuses its discretion only if its decision is illogical, implausible, or not supported by the record).

Adkins's motion for judicial notice is denied.

**AFFIRMED.**