NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 21 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff-Appellee, v. JON DECANO, AKA Jon Darren Maglangit, AKA Jon Maglangit, Defendant-Appellant. | Nos. 21-10099<br>21-10100<br><br>D.C. Nos. 1:14-cr-00469-HG-1<br>1:07-cr-00608-HG-1<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Hawaii
Helen W. Gillmor, District Judge, Presiding

Submitted October 12, 2021**

Before:     TALLMAN, RAWLINSON, and BUMATAY, Circuit Judges.

In these consolidated appeals, Jon Decano appeals from the district court's

order denying his motion for compassionate release under 18 U.S.C.

§ 3582(c)(1)(A)(i).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court concluded that, notwithstanding Decano's asthma, he was

---

*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**       The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

not entitled to compassionate release because he was 50 years old, he had already contracted and recovered from COVID-19, and he had been fully vaccinated against further infection. It further concluded that the 18 U.S.C. § 3553(a) factors did not support relief because 57 months remained on Decano's sentence and the nature and circumstances of his offense, as well as his history and characteristics, supported his 164-month sentence. The district court did not abuse its discretion in denying Decano's motion. *See United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021).

While we agree with Decano that the district court erroneously treated U.S.S.G. § 1B1.13 as binding, *see Aruda*, 993 F.3d at 802, we conclude that any error was harmless in light of the court's conclusion that the § 3553(a) factors did not support his release. Contrary to Decano's argument that § 3582(c)(1)(A) calls for a "holistic inquiry," we have explained that compassionate release motions involve "a sequential step-by-step analysis" and a court denying relief may consider only one of the steps. *See United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021). Here, though the court erred in step one of the analysis, it did not abuse its discretion at step two. Nor are we persuaded that the court's consideration of dangerousness under § 1B1.13(2) "drove its assessment of § 3553(a)'s factors." To the contrary, the court made clear that the § 3553(a) factors alone did not support relief because Decano's "immediate release would not adequately reflect

the seriousness of the offense, would not properly deter similar criminal conduct, and would not protect the public." *See* 18 U.S.C. § 3553(a)(2)(A)-(C). The district court's application of the § 3553(a) factors in this case was reasonable and consistent with the language of the statute. We need not decide whether the district court should have more fully considered Decano's argument regarding changes to the applicable mandatory minimum under the First Step Act because it did not affect the court's § 3553(a) conclusion. Finally, the record demonstrates that the district court considered Decano's remaining arguments, including his argument that his sentence should be lowered, but was not persuaded that anything less than the current sentence was appropriate.

Decano's motion for judicial notice is denied.

**AFFIRMED.**