**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 17 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-10104 |
| Plaintiff-Appellee, | D.C. No. 3:18-cr-00378-RS-1 |
| v. | |
| CRAIG WILLIAM NITSCHE, II, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, District Judge, Presiding

Submitted November 8, 2021[**]

Before:     CANBY, TASHIMA, and MILLER, Circuit Judges.

Craig William Nitsche, II, appeals from the district court's order denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). We have jurisdiction under 28 U.S.C. § 1291. Reviewing for abuse of discretion, *see United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021), we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Nitsche contends that the district court applied the wrong legal standard because it treated U.S.S.G. § 1B1.13 as binding. *See Aruda*, 993 F.3d at 802 (§ 1B1.13 is not binding on judicial review of § 3582(c)(1)(A) motions filed by defendants). This argument is belied by the district court's order, in which the court acknowledged the "growing chorus" of cases holding that § 1B1.13 is not binding and stated its assumption that it could consider "broader and more flexible grounds for finding extraordinary and compelling reasons" for release than those listed in § 1B1.13. Against this backdrop, we conclude that the court's limited discussion of § 1B1.13 and the danger Nitsche's release would pose to the community under 18 U.S.C § 3142(g) reflects its permissible reliance on the Guideline as guidance. *See Aruda*, 993 F.3d at 802 ("The Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant[.]").

Contrary to Nitsche's remaining argument, the district court's generalized statements about the risk to inmates as vaccination rates increase were not clearly erroneous. *See United States v. Graf*, 610 F.3d 1148, 1157 (9th Cir. 2010) ("A finding is clearly erroneous if it is illogical, implausible, or without support in the record.").

**AFFIRMED.**

21-10104