**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-30073 |
| Plaintiff-Appellee, | D.C. No. 3:13-cr-00299-BR-2 |
| v. | |
| FEDERICO MARTINEZ, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Submitted November 10, 2021[**]
Portland, Oregon

Before: GRABER and CHRISTEN, Circuit Judges, and WU,[***] District Judge.

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]  The Honorable George H. Wu, United States District Judge for the Central District of California, sitting by designation.

Federico Martinez appeals the district court's order denying his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm the district court's ruling.

1. Martinez argues the district court erred by relying exclusively on the policy statements in U.S.S.G. § 1B1.13 to deny his motion for compassionate release. The Guidelines' policy statements "may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, [so long as] they [are not treated] as binding." *See United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021). The district court explained in its reconsideration order that it considered § 1B1.13 as "advisory rather than mandatory" in denying Martinez's motion. Thus, the district court did not apply the wrong legal standard.

2. Martinez argues the district court abused its discretion by concluding that he did not present extraordinary and compelling reasons warranting compassionate release. First, Martinez asserts the district court ignored the government's concession that obesity qualifies as an extraordinary and compelling reason. But the court was not obligated to accept that concession, nor did any concession by the government equate to a stipulation that Martinez's motion be granted. Second, Martinez asserts the district court erred by concluding younger inmates are not at a sufficiently high risk for contracting COVID-19 even if they are obese. The court

acknowledged Martinez's obesity increased his risk but also recognized that younger individuals are generally at a lower risk. Both statements are supported by CDC guidelines. *See* CENTERS FOR DISEASE CONTROL AND PREVENTION, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html. Finally, Martinez asserts the district court disregarded that the deaths in his family due to COVID-19 established he is predisposed to "severe COVID-19 illness." The evidence Martinez submitted did not conclusively establish a genetic predisposition nor require the court to grant his motion. All told, the district court's conclusion that Martinez did not present extraordinary and compelling circumstances warranting compassionate release was not illogical or implausible, and it was supported by the record. *See United States v. Robertson*, 895 F.3d 1206, 1213 (9th Cir. 2018) (explaining a district court abuses its discretion only if its decision applies the wrong legal standard or is illogical, implausible, or without support in the record).

**AFFIRMED.**