**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 19 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-10044 |
| Plaintiff-Appellee, | D.C. No. 2:12-cr-00083-APG-GWF-1 |
| v. | |
| OMAR BUTT, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Submitted November 8, 2021[**]

Before:     CANBY, TASHIMA, and MILLER, Circuit Judges.

Omar Butt appeals pro se from the district court's order denying his motion

for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).  We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

Butt challenges the district court's conclusion that he did not demonstrate

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

extraordinary and compelling reasons warranting his release. The district court did not abuse its discretion. *See United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021). The record does not support Butt's claim that the court treated § 1B1.13 as a binding policy statement. *See Aruda*, 993 F.3d at 802 ("The Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding."). Though the court cited § 1B1.13, it did not limit its review to the statements provided in that provision. Rather, the court concluded that release was unwarranted because Butt's risk of reinfection with COVID-19 was low, his release could pose risks to himself and others, and his facility was adequately caring for him and containing the spread of COVID-19. These conclusions were not illogical, implausible, or without support in the record. *See United States v. Robertson*, 895 F.3d 1206, 1213 (9th Cir. 2018). Moreover, the court considered Butt's arguments and adequately explained its reasons for denying relief. *See Chavez-Meza v. United States*, 138 S. Ct. 1959, 1965 (2018).

We do not consider Butt's allegation of sentencing error because, even assuming it is cognizable in a compassionate release proceeding, it is raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**