**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-10162 |
| Plaintiff-Appellee, | D.C. No. 1:13-cr-00877-DKW-1 |
| v. | |
| EMIL WOLFGRAMM, JR., | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Derrick K. Watson, District Judge, Presiding

Submitted November 8, 2021[**]

Before: CANBY, TASHIMA, and MILLER, Circuit Judges.

Emil Wolfgramm, Jr., appeals from the district court's order denying his

motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). We

have jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion, *see*

*United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021), and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Accordingly, Wolfgramm's unopposed motion to expedite submission without oral argument is granted.

Wolfgramm contends that the district court applied the wrong legal standard because it did not meaningfully apply the standard adopted by this court in *Aruda*. Wolfgramm also contends that, by treating his vaccination status and the low incidence of COVID-19 cases in his prison as dispositive, the district court failed to consider the totality of the circumstances.

The record does not support Wolfgramm's claims. The district court recognized that U.S.S.G. § 1B1.13 was not binding and applied the proper legal standard in a manner consistent with *Aruda*. *See id.* at 802 ("The Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding."). Moreover, the district court acknowledged Wolfgramm's health conditions and considered the totality of his circumstances before reasonably concluding that he lacked extraordinary and compelling reasons for release. On this record, the district court did not abuse its discretion by denying Wolfgramm's motion. *See United States v. Robertson*, 895 F.3d 1206, 1213 (9th Cir. 2018) (district court abuses its discretion if its application of the correct legal standard is illogical, implausible, or without support in the record).

**AFFIRMED.**