**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 19 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-10024 |
| Plaintiff-Appellee, | D.C. No. 2:15-cr-00059-MCE-1 |
| v. | |
| ABRAHAM VALDEZ, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted November 8, 2021**

Before:    CANBY, TASHIMA, and MILLER, Circuit Judges.

Abraham Valdez appeals from the district court's order denying his motion

for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). We have

jurisdiction under 28 U.S.C. § 1291. Reviewing for abuse of discretion, *see United

States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021), we affirm.

---

    *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Valdez contends that the district court applied the wrong legal standard when it treated as binding U.S.S.G. § 1B1.13 and its requirement that defendant show lack of dangerousness. *See id.* at 799, 802. We need not decide this issue because the district court made clear that, regardless of the guideline's requirements, it would deny appellant's motion under 18 U.S.C. § 3553(a). *See United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) (district court may deny a compassionate release motion based on the § 3553(a) factors alone). Valdez argues that the district court's § 3553(a) analysis was deficient because the court ignored his evidence of post-sentencing rehabilitation, as well as his argument that his conditions of confinement are more onerous now than they were at the time of sentencing. However, the record shows that the district court considered Valdez's arguments and simply was not persuaded that they provided "sufficient justification for disturbing the Court's carefully crafted original sentence." The district court's explanation was adequate. *See Chavez-Meza v. United States*, 138 S. Ct. 1959, 1965-67 (2018).

**AFFIRMED.**

21-10024