**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 21 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-50327 |
| Plaintiff-Appellee, | D.C. No. 2:05-cr-01040-JFW-1 |
| v. | |
| JONATHAN JEROME HILLS, AKA Jerome Johnathan Hill, AKA Jerome Johnson Hill, AKA Janathan J. Hills, AKA Jerome Hills, AKA Jerome J. Hills, AKA Jerome Johnathan Hills, AKA Jerome Jonathan Hills, AKA Jerome Jonthan Hills, AKA Johanathon Jerome Hills, AKA Johnatham J. Hills, AKA Johnathan Jerome Hills, AKA Johnathon Jerome Hills, AKA Jonatham Jerome Hills, AKA Jonathan Hills, AKA Jonathon Jerome Hills, AKA Jonthan Jerome Hills, AKA Romeo Hills, AKA Robert Ricks, AKA Rome, AKA Romeo, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Submitted January 19, 2022[**]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:       SILVERMAN, CLIFTON, and HURWITZ, Circuit Judges.

Jonathan Jerome Hills appeals from the district court's order denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Hills contends that the district court erred by relying on its evaluation of the 18 U.S.C. § 3553(a) factors from the original sentencing hearing. We disagree. Though the court referenced its § 3553(a) analysis from that earlier hearing, the record reflects that the court considered and applied the factors anew to reasonably conclude that release was unwarranted in light of Hills's significant criminal history and the Bureau of Prisons's ability to manage Hills's health conditions. Moreover, contrary to Hills's contentions, the record reflects that the district court considered Hills's arguments, including those regarding post-sentencing rehabilitation, and adequately explained its decision to deny his motion. *See Chavez-Meza v. United States*, 138 S. Ct. 1959, 1965 (2018). The court did not abuse its discretion. *See United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021).

Appellee's motion to supplement the record is denied.

**AFFIRMED.**