**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 23 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff-Appellee,<br><br>  v.<br><br>DOUGLAS PATRICK HAYES,<br><br>        Defendant-Appellant. | No.   21-10273<br><br>D.C. No. 1:15-cr-00832-HG-1<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Hawaii
Helen W. Gillmor, District Judge, Presiding

Submitted March 16, 2022**

Before:    SILVERMAN, MILLER, and BUMATAY, Circuit Judges.

Douglas Patrick Hayes appeals from the district court's order denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). We have jurisdiction under 28 U.S.C. § 1291. Reviewing for abuse of discretion, *see United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021), we affirm.

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Hayes contends that the district court effectively treated U.S.S.G. § 1B1.13 as binding when determining whether the need to care for his spouse constituted an extraordinary and compelling reason for release. The record shows, however, that the district court properly viewed § 1B1.13 as guidance; the court's discussion of considerations identified in the Guideline does not show otherwise. Moreover, the court recognized its discretion to consider reasons beyond those enumerated in the Guideline, which comports with *Aruda*. *See* 993 F.3d at 801-02. Therefore, the court did not err in its extraordinary and compelling analysis.

Hayes next contends that the district court's analysis of the 18 U.S.C. § 3553(a) factors is flawed because it may have been informed by the erroneous conclusion that extraordinary and compelling circumstances were absent, and because it failed to account for Hayes's mitigating arguments. As we explained above, however, there was no error in the district court's extraordinary and compelling analysis. Further, the court did not abuse its discretion by concluding that, notwithstanding Hayes's mitigating circumstances, the § 3553(a) sentencing factors continued to support the sentence imposed. *See United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021). Finally, Hayes's assertion that the district court was required to discuss his postsentencing rehabilitation is unavailing. *See Chavez-Meza v. United States*, 138 S. Ct. 1959, 1965-67 (2018).

**AFFIRMED.**