**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 9 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff-Appellee, v. JUNE GIBSON, Defendant-Appellant. | No. 22-10164 D.C. No. 1:16-cr-00746-JMS-6 MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Hawaii
J. Michael Seabright, District Judge, Presiding

Submitted June 7, 2023[**]
Honolulu, Hawaii

Before: BADE, BUMATAY, and SANCHEZ, Circuit Judges.

June Gibson appeals the district court's denial of her second motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). We review for abuse of discretion. *United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021). We affirm.

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court recognized and applied the correct legal standard for determining whether it could exercise its discretion to reduce Gibson's sentence under § 3582(c)(1)(A).[1] Consistent with our subsequent holding in *United States v. Chen*, 48 F.4th 1092 (9th Cir. 2022), the district court determined "that non-retroactive changes in sentencing law . . . can constitute extraordinary and compelling reasons to reduce sentences under § 3582(c)(1)(A) when considered on an individualized basis."[2] *See id.* at 1098. The court recognized that, if Gibson were sentenced today under the new, non-retroactive sentencing changes brought about by the First Step Act, *see id.* at 1094, she would be eligible for a sentence of imprisonment below the previously applicable statutory mandatory minimum.

Upon considered review of Gibson's individualized circumstances, the district court concluded that the disparity between the sentence Gibson was serving and the "most optimistic *potential* post-FSA sentence" that she might receive did not constitute an extraordinary and compelling reason justifying a reduction in her sentence. *See Chen*, 48 F.4th at 1100 (holding that "the petitioning defendant still

---

[1] Gibson's argument that we should reconsider the analytical approach for compassionate release motions is unavailing because we are bound by the framework that this court has applied for analyzing motions under § 3582(c)(1)(A). *See United States v. Wright*, 46 F.4th 938, 945, 947 (9th Cir. 2022); *Miller v. Gammie*, 335 F.3d 889, 892–93 (9th Cir. 2003) (en banc).

[2] Although *Chen* was issued after Gibson filed her opening brief, the parties are aware of *Chen* and appropriately discussed this decision in their subsequent briefs.

must demonstrate that [the relevant] non-retroactive changes rise to the level of 'extraordinary and compelling' in his individualized circumstances"). In reaching this conclusion, the district court applied the correct legal standard, reached a logical and reasonable conclusion based on the "review of the entire record" and Gibson's individual circumstances, and adequately explained its decision. *See id.* at 1095 (recognizing that "the determination of what constitutes extraordinary and compelling reasons for sentence reduction lies squarely within the district court's discretion"); *see also Wright*, 46 F.4th at 949 (discussing factors relevant to the sufficiency of a court's explanation).

Thus, the district court did not abuse its discretion in denying relief under § 3582(c)(1)(A). *See id.* at 945 (explaining that a district court may "deny compassionate release if a defendant fails to satisfy any of the[] grounds" set forth in 18 U.S.C. § 3582(c)(1)(A)).

**AFFIRMED.**