**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 11 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-10248 |
| Plaintiff-Appellee, | D.C. Nos. 1:13-cr-00514-SOM-3 |
| v. | 1:13-cr-00653-SOM-1 |
| JOHN PENITANI, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Susan Oki Mollway, District Judge, Presiding

Submitted June 26, 2023**

Before:     CANBY, S.R. THOMAS, and CHRISTEN, Circuit Judges.

John Penitani appeals pro se from the district court's order denying his

second motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).  We

have jurisdiction under 28 U.S.C § 1291, and we affirm.

Penitani argues that he is entitled to compassionate release due to (1) his

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

medical conditions and the COVID-19 pandemic, (2) misconduct of prior counsel in connection with his 28 U.S.C. § 2255 motion, (3) the denial of proper medical and dental care, and (4) the Bureau of Prisons' failure to consider him for low security status and to calculate his earned time credits. The district court did not abuse its discretion in rejecting these arguments. *See United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021). The court acknowledged Penitani's medical conditions but reasonably concluded that any increased risk was mitigated by his recovery from COVID-19, his vaccination, and the low incidence of COVID-19 at his facility. In addition, the record supports the court's determination that Penitani's remaining arguments were unsupported, were the subject of other pending actions, or did not otherwise justify release. Finally, the court reasonably concluded that the 18 U.S.C. § 3553(a) factors weighed against release given Penitani's history of violence and the need to protect the public. The court fully considered Penitani's arguments and circumstances, and its analysis was logical and supported by the record. *See United States v. Robertson*, 895 F.3d 1206, 1213 (9th Cir. 2018) (district court abuses its discretion only where its decision is illogical, implausible, or without support in the record).

Penitani's motions for an injunction "releasing [him] to the clean sober house" and a sentence reduction, and any other pending requests, are denied.

**AFFIRMED.**