NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 11 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-30108 |
| Plaintiff-Appellee, | D.C. No. 4:18-cr-00072-DCN-1 |
| v. | |
| JAMES CLIFFORD GOODWIN III, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Idaho
David C. Nye, District Judge, Presiding

Submitted June 26, 2023[**]

Before:    CANBY, S.R. THOMAS, and CHRISTEN, Circuit Judges.

James Clifford Goodwin III appeals pro se from the district court's order

denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i)

following this court's remand.  We have jurisdiction under 28 U.S.C. § 1291.

Reviewing for abuse of discretion, *see United States v. Aruda*, 993 F.3d 797, 799

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 2021), we affirm.

Goodwin argues that he is entitled to compassionate release in light of the need to care for his aging father, his medical conditions, the COVID-19 pandemic, and the conditions of his incarceration. The district court did not, as Goodwin contends, misapply U.S.S.G. § 1B1.13. Rather, the district court expressly recognized that U.S.S.G. § 1B1.13 is not binding. Consistent with *Aruda*, the court relied on the guideline only to inform and guide its decision. *See Aruda*, 993 F.3d at 802. The court did not abuse its discretion in determining that Goodwin's difficult family circumstances, medical conditions, and other arguments were not extraordinary and compelling reasons for release. *See id.* at 799.

The record also reflects that the court considered the 18 U.S.C. § 3553(a) factors and reasonably determined that they provided a "secondary reason" to deny the motion. *See United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021). The court's conclusion that Goodwin poses a danger to the public is supported by the nature and circumstances of his offense and criminal history. *See United States v. Robertson*, 895 F.3d 1206, 1213 (9th Cir. 2018).

Goodwin's argument that the district judge has a conflict of interest is unsupported by the record.[1]

**AFFIRMED.**

---

[1]     Contrary to Goodwin's suggestion, the answering brief was timely.