**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

FEB 21 2024

**FOR THE NINTH CIRCUIT**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-634 |
| Plaintiff-Appellee, | |
| v. | D.C. No. 2:16-cr-00067-JAM-5 |
| | MEMORANDUM* |
| VIDAL GONZALEZ, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted February 16, 2024**
San Fransisco, California

Before: MILLER, BADE, and VANDYKE, Circuit Judges.

Appellant Vidal Gonzalez appeals the denial of a motion for reconsideration

of a denial of compassionate release. We have jurisdiction under 28 U.S.C. § 1291,

and we affirm.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

"[R]ulings on reconsideration motions [are reviewed] for abuse of discretion." *United States v. Mark*, 795 F.3d 1102, 1104 (9th Cir. 2015) (citation omitted). "A district court abuses its discretion if it does not apply the correct legal standard or if it rests its decision on a clearly erroneous finding of fact." *Id.* And compassionate release is only granted for "extraordinary and compelling reasons." *United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)).

1. The district court did not abuse its discretion when it found that the new facts offered by Gonzalez were not material. When reviewing factual decisions for abuse of discretion, the question is whether the decisions are "illogical, implausible, or without support in inferences that may be drawn from facts in the record." *United States v. Hinkson*, 585 F.3d 1247, 1251 (9th Cir. 2009) (en banc). Gonzalez presented two new facts to support his motion for reconsideration: the further deterioration of his health and the existence of an immigration detainer that increased the likelihood of deportation following completion of his sentence. The district court's finding that these facts were immaterial was not "illogical implausible, or without support." *Id.*

As to Gonzalez's worsening health, the district court relied on *United States v. Ayon-Nunez* to find that his claims did "not rise to the level of materiality absent a showing that the Bureau of Prisons [(BOP)] is incapable of providing him [with] adequate medical care." The court in *Ayon-Nunez* denied compassionate release

2

because, despite the movant's health concerns, the record "suggest[ed] that the defendant [was] receiving medical treatment" so his health concerns were not extraordinary and compelling reasons justifying sentence reduction. No. 16-CR-130, 2020 WL 704785, at *2 (E.D. Cal. Feb. 12, 2020). Gonzalez did not argue that the BOP here was incapable of providing medical care, so the district court concluded that his continuing health problems were not material to whether he should be granted compassionate release. This conclusion is not illogical. If Gonzalez receives sufficient medical care while in prison, then his health issues do not present an "extraordinary" or "compelling" reason to grant compassionate relief.

Regarding Gonzalez's deportation and resulting quality of life concerns, the district court found that there was no "legal authority to support his claims" that his deportation and resulting substandard medical care "constitute material facts that warrant compassionate release." Indeed, given Gonzalez's argument that he would receive *worse* medical care if he were deported to Mexico, it may have been illogical to grant compassionate release on that ground. It was therefore not an abuse of discretion for the district court to determine that Gonzalez's deportation-related claims did not warrant reconsideration of the district court's previous denial of compassionate release.

2. The district court also did not abuse its discretion by treating U.S.S.G. § 1B1.13 as binding. While Section 1B1.13 is not binding, it "may inform a district

court's discretion" for compassionate release motions. *Aruda*, 993 F.3d at 802. The district court did not even cite the guidelines that Gonzalez claims the court misapplied, much less state it was bound by them. Gonzalez nonetheless argues that by citing *Ayon-Nunez*, which does mention the guidelines, the district court necessarily "endorsed" *Ayon-Nunez*'s improper understanding of the guidelines. But *Ayon-Nunez* simply articulated that courts are pointed "to the sentencing commission's policy statements when deciding whether compassionate release should be granted," 2020 WL 704785, at *2; it nowhere said that Section 1B1.13 was binding on the court.

And there is no other indication that the district court viewed Section 1B1.13 as binding. To the contrary, the district court expressly acknowledged the Government's opposition to Gonzalez's motion, which discussed Section 1B1.13 but expressly stated that, under *Aruda*, Section 1B1.13 is "not binding." District courts are presumed to know the law and to understand their sentencing obligations beyond the guidelines. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc). We therefore do not read the district court's order as evincing a view that its discretion was limited by Section 1B1.13.

Instead, the court denied Gonzalez relief because, even considering the new facts in his motion for reconsideration, the court's initial reasons for denying

sentence reduction remained unaffected. That conclusion was not an abuse of discretion.

3. Nor did the district court abuse its discretion by failing to consider any arguments raised by Gonzalez. Gonzalez claims that the district court "fail[ed] to consider" some of his arguments for reconsideration, but that claim is directly belied by the text of the court's order, which squarely, if succinctly, addressed his arguments.

**AFFIRMED.**