NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 13 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-10298 |
| Plaintiff-Appellee, | D.C. No. 1:11-cr-00608-LEK-1 |
| v. | |
| ELWOOD STAUDINGER, Jr., | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Submitted February 12, 2024[**]
Honolulu, Hawaii

Before: PAEZ, M. SMITH, and KOH, Circuit Judges.

Elwood Staudinger, Jr., ("Staudinger") appeals the district court's denial of

his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). We have

jurisdiction under 28 U.S.C. § 1291. Because the parties are familiar with the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

facts, we do not recount them here, except as necessary to provide context to our ruling. We affirm the district court's denial of the motion for compassionate release.

A compassionate release decision is reviewed for abuse of discretion. *United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021). "A district court may abuse its discretion if it does not apply the correct law or if it rests its decision on a clearly erroneous finding of material fact." *Id.* (quoting *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013)). When a defendant moves for compassionate release under § 3582(c)(1)(A), a court must determine, *inter alia*, "whether extraordinary and compelling reasons warrant a sentence reduction." *United States v. Wright*, 46 F.4th 938, 945 (9th Cir. 2022) (cleaned up).

The district court did not abuse its discretion when it concluded that Staudinger did not establish extraordinary and compelling reasons to grant relief. Staudinger argues that non-retroactive changes in the law would reduce his offense level from 34 to 31 if he were sentenced today. At his original sentencing, the district court varied downward significantly from the advisory Sentencing Guidelines range of 262 to 327 months to arrive at a sentence of 200 months. According to Staudinger, the applicable Guidelines range today would be 168 to 210 months. Staudinger thus argues that applying the same downward variance today would result in a sentence significantly below his 200-month sentence.

We have recognized that although non-retroactive changes in sentencing law may be proffered "as an argument for extraordinary and compelling reasons under § 3582(c)(1)(A)," a defendant must demonstrate that those changes "rise to the level of 'extraordinary and compelling' in his individualized circumstances." *United States v. Chen*, 48 F.4th 1092, 1100 (9th Cir. 2022).  Here, the district court did not abuse its discretion when it concluded that changes in the Guidelines did not "rise to the level of extraordinary and compelling" in Staudinger's "individualized circumstances" because the court would impose the same sentence today.  *Id*.

The record supports the district court's determination that it would sentence Staudinger to 200 months' imprisonment even under today's more lenient Guidelines range based on the facts of the offense and Staudinger's personal characteristics, such as his 25 prior adult convictions, including 14 crimes of violence.  Moreover, if he were sentenced today, Staudinger's Guidelines range would be 168 to 210 months.  Staudinger's 200 month sentence is well within that range.  Thus, the district court did not abuse its discretion when it denied Staudinger's motion for release.

**AFFIRMED.**