NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 25 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-1753 |
| Plaintiff - Appellee, | D.C. No. 3:18-cr-00084-WHO-1 |
| v. | |
| ADAM HERRICK, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
William Horsley Orrick, District Judge, Presiding

Argued and Submitted March 3, 2025
San Francisco, California

Before: WARDLAW, PAEZ, and BEA, Circuit Judges.

Adam Herrick appeals the district court's order denying his motion for

compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). We have jurisdiction

under 28 U.S.C. § 1291, and we affirm.

1.      The district court did not abuse its discretion by denying Herrick's

motion for compassionate release. The district court acknowledged the Bureau of

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Prisons' ("BOP") delay in diagnosing and treating Herrick's prostate cancer but found that he failed to demonstrate "extraordinary and compelling reasons" warranting a sentence reduction. *See* § 3582(c)(1)(A)(i). The district court reasoned that Herrick's "subjective fears about his current and future medical treatment are not matched by the objective record as it exists today." In particular, the district court noted that Herrick had been transferred to a specialized medical facility capable of managing his condition. This conclusion was not illogical or based on "a clearly erroneous finding of material fact." *United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021).

Nor did the district court abuse its discretion in rejecting Herrick's argument that the fertility loss associated with prostate cancer treatment constitutes an extraordinary and compelling reason warranting a sentence reduction. The record does not support Herrick's assertion that the BOP "categorical[ly] refus[ed] to provide any fertility-preservation options." While Herrick was informed that any treatment he received would result in a loss of fertility and that sperm banking was not an option *within* the BOP, the record reflects that the BOP outsources certain treatment options for prostate cancer to outside facilities. Although it appears the BOP does not provide sperm banking onsite, it is not clear from the record that the BOP will deny Herrick access to any fertility-preservation options. Permanent infertility is almost certainly a "serious deterioration in health," but we cannot say

on this record that the "specialized medical care" necessary to preserve Herrick's ability to conceive is unavailable to him while in BOP custody. *See* U.S. Sent'g Guidelines Manual § 1B1.13 (U.S. Sent'g Comm'n 2023).[1]

2. The district court did not err by failing to explicitly consider a sentence reduction less than time served. The record demonstrates that the district court adequately responded to the request Herrick raised in his motion—"an order for his immediate release from custody." The district court granted the parties' stipulated request to reduce Herrick's sentence by nine months pursuant to § 3582(c)(2), and Herrick did not present any alternative arguments supporting a further sentence reduction under § 3582(c)(1)(A). The district court's focus on the arguments actually presented by Herrick does not mean that it misunderstood its authority under § 3582(c)(1)(A) in addressing Herrick's compassionate release motion. *See Walton v. Arizona*, 497 U.S. 639, 653 (1990) ("Trial judges are presumed to know the law and to apply it in making their decisions."), *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584, 609 (2002).

**AFFIRMED.**

---

[1] Because the district court did not abuse its discretion in finding that Herrick had not established extraordinary and compelling reasons warranting relief, we need not address whether the court abused its discretion in its analysis of the 18 U.S.C. § 3553(a) sentencing factors.