**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 11 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-4222 |
| Plaintiff - Appellee, | D.C. No. 2:14-cr-00067-TLN-1 |
| v. | |
| DEEPAL WANNAKUWATTE, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submitted June 9, 2025[**]

Before: SILVERMAN, GRABER, and N.R. SMITH, Circuit Judges.

Defendant Deepal Wannakuwatte appeals the district court's denial of his motion for compassionate release, filed pursuant to 18 U.S.C. § 3582(c)(1)(A). We have jurisdiction under 28 U.S.C. § 1291. Reviewing for abuse of discretion, United States v. Aruda, 993 F.3d 797, 799 (9th Cir. 2021), we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Defendant argues that the district court did not adequately consider and explain its assessment of the sentencing factors under 18 U.S.C. § 3553(a) and that the denial of his motion to reduce his sentence was unreasonable. We disagree.

1. It is clear that the court understood and considered Defendant's claims, which are detailed in the order. It also is clear why the court concluded that the § 3553(a) factors did not support a sentencing reduction. The court noted that, although Defendant's base offense level and criminal history category established a Guideline range of 292 to 365 months, he was sentenced only to the lower statutory maximum of 240 months in prison, a sentence that was "well-supported." The court then described Defendant's criminal behavior: running "a sophisticated Ponzi scheme to steal over $230,000,000 from over 150 victims, which ultimately generated more than $108,000,000 in losses over a span of 12 years." In light of the extensive crimes and the below-Guidelines sentence, the court concluded that a sentence reduction was not warranted due to "the need for the sentence to reflect the egregious nature and circumstances of Defendant's offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public." That explanation suffices to satisfy us that the court considered Defendant's arguments and had "a reasoned basis for exercising [the court's] own legal decision making authority." United States v. Wright, 46 F.4th 938, 949 (9th Cir. 2022) (quoting Chavez-Meza v. United States, 585 U.S. 109, 113 (2018)); see

also id. (noting that "a judge is not required to exhaustively analyze every [sentencing] factor or to expound upon every issue raised by a defendant").

2. We also are not persuaded that the district court abused its discretion by denying Defendant's second motion for a sentence reduction. The court expressly assumed that Defendant had "shown extraordinary and compelling reasons for his release," but nonetheless permissibly balanced the § 3553(a) factors in deciding that compassionate release was not warranted. See United States v. Chen, 48 F.4th 1092, 1095 (9th Cir. 2022) (holding that a prisoner seeking compassionate release must establish both that there are "extraordinary and compelling" reasons for relief and that a reduction is appropriate under the § 3553(a) factors).

**AFFIRMED.**